UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THERESA HOFFMAN                                          CIVIL ACTION

VS.                                                      NO. 2:18-CV-2803

LIFE INSURANCE COMPANY OF NORTH AMERICA

**COMPLAINT**

The Complaint of Theresa Hoffman respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Theresa Hoffman**, of lawful age and a resident of Cleveland, Texas, is a plan participant and beneficiary of an ERISA plan created by her employer, Isle of Capri Casinos, Inc. and an insured participant of a group disability policy issued by Life Insurance Company of North America.

4. Defendant, **Life Insurance Company of North America** ("LINA or CIGNA"), is a foreign corporation, doing business in Louisiana. Upon information and belief, LINA is incorporated in Pennsylvania, and its principal place of business is in the state of Pennsylvania.

5. LINA issued a group policy, No. LK-964086, insuring the employees of Isle of Capri Casinos, Inc. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis.

8. Plaintiff is disabled under the terms of the disability policy issued by LINA.

9. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

10. LINA unlawfully denied Plaintiff benefits she is entitled to under terms of the disability policy.

11. Plaintiff appealed the denial, but CIGNA upheld its previous decision.

12. LINA's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

13. Plaintiff has exhausted her administrative remedies and now timely files this suit to reverse LINA's denial of benefits.

14. LINA has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

15. LINA has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

16. LINA has abused its discretion by failing to consider her medical condition in relation to the actual duties of her occupation.

17. LINA administered Plaintiff's claim with an inherent and structural conflict of interest as LINA is liable to pay benefits from its own assets to Plaintiff, and each payment depletes LINA's assets.

18. LINA has failed to give the policy and Plan a uniform construction and interpretation.

19. LINA chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

20. As a routine business practice, LINA uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

21. LINA's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

22. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

23. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

24. Defendants' denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

25. Alternatively, this claim is not governed by ERISA because Plaintiff's disability policy was part of a non-ERISA plan, so Plaintiff's disability claims are governed by Louisiana law.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and

4. For all other relief as the facts and law may provide.

                    Respectfully submitted,

                    /s/ Reagan Toledano
                    Willeford & Toledano
                    Reagan L. Toledano (La. 29687)(T.A.)
                    James F. Willeford (La. 13485)
                    201 St. Charles Avenue, Suite 4208
                    New Orleans, Louisiana 70170
                    (504) 582-1286; (f) (313)692-5927
                    rtoledano@willlefordlaw.com